IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAURIO M. BUTLER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0701-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Maurio M. Butler, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2004, petitioner pled guilty to possession of ecstacy and was sentenced to 10 years confinement.[1] His conviction and sentence were affirmed on direct appeal. *Butler v. State*, No. 05-04-01813-CR, 2005 WL 3471473 (Tex. App.--Dallas, Dec. 20, 2005, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Butler*, WR-66,498-03 (Tex. Crim. App. Feb. 28, 2007). The second application also was dismissed. *Ex parte Butler*, WR-66,498-06 (Tex. Crim. App. Sept. 10, 2008). Petitioner then filed this action in federal district court.

---

[1] Petitioner also pled guilty to possession of cocaine, aggravated robbery, and unlawful possession of a firearm by a felon. Those convictions are the subject of separate federal writs currently pending before other judges in this district. *See Butler v. Quarterman*, No. 3-09-CV-0688-M (N.D. Tex., filed Apr. 15, 2009); *Butler v. Quarterman*, No. 3-09-CV-0699-D (N.D. Tex., filed Apr. 16, 2009); *Butler v. Quarterman*, No. 3-09-CV-0700-P (N.D. Tex., filed Apr. 16, 2009).

II.

In five grounds for relief, petitioner contends that: (1) his conviction was the result of evidence obtained by an illegal search and seizure; (2) the trial court failed to suppress the illegally seized evidence; (3) he received ineffective assistance of counsel; (4) the state appellate court did not address all the issues raised on direct appeal; and (5) his guilty plea was not knowing or voluntary.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on July 29, 2009. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  *Id.* § 2244(d)(2).  The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years in prison for possession of ecstacy.  His conviction was affirmed by the court of appeals on December 20, 2005.  The Texas Court of Criminal Appeals refused a petition for discretionary review on June 21, 2006, and denied rehearing on August 30, 2006.  Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari.  Therefore, his conviction became final on November 28, 2006--90 days after the Texas Court of Criminal Appeals denied rehearing.  *See Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *2 (N.D. Tex. May 10, 2005), *COA denied*, No. 05-10959 (5th Cir. Mar. 30, 2007) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires).  Petitioner filed two applications for state post-conviction relief.  The first application was filed on October 19, 2006, and dismissed on February 28, 2007.  The second application was filed on February 27, 2008, and dismissed on September 10, 2008.  Petitioner filed this action in federal court on April 13, 2009.

The AEDPA statute of limitations started to run on November 28, 2006, when petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  This period was tolled from February 27,

2008 until September 10, 2008, a total of 197 days, while his second state writ was pending.[2]  Even

allowing for this tolling period, petitioner still waited more than one year to seek federal habeas

relief.  In an attempt to avoid dismissal on limitations grounds, petitioner argues that the AEDPA

statute of limitations "def[ies] Supreme Court constitutional jurisprudence" and "Supreme Court

limitations jurisprudence" because he remains imprisoned on an illegal conviction.  (*See* Pet. Reply

at 2-8).  To the extent petitioner is challenging the constitutionality of the AEDPA, his argument is

without merit. *See, e.g. Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.), *cert. denied*, 120 S.Ct. 504

(1999) (AEDPA does not violate due process); *Chambers v. Cockrell*, No. 3-01-CV-1158-H, 2001

WL 1029462 at *2 (N.D. Tex. Aug. 28, 2001), *COA denied*, No. 01-11347 (5th Cir. Feb. 21, 2002)

(AEDPA does not violate due process or equal protection clauses of Fourteenth Amendment).  Nor

is the AEDPA statute of limitations tolled because of what petitioner characterizes as an "ongoing

injury" due to his continued confinement.  In federal habeas cases, the operative date for limitations

purposes is "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Any "injury" sustained

by petitioner as a result of his conviction is irrelevant to the limitations analysis.

Petitioner further argues that the one-year limitations period does not apply because his

conviction violates the United States Constitution.  (*See* Pet. Reply at 2,8).  However, petitioner

cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his

conviction is void." *Randall v. Director, TDCJ-CID*, No. 2-07-CV-204, 2008 WL 2128231 at *2

(E.D. Tex. May 16, 2008); *see also Nortonsen v. Reid*, 133 Fed. Appx. 509, 510-11, 2005 WL

---

[2] Petitioner is not entitled to statutory tolling during the time his first state writ was pending. *See Gundrum v. Quarterman*, 191 Fed.Appx. 313, 314, 2006 WL 2051053 at *1 (5th Cir. Jul. 24, 2006) (citing cases) (state writ filed during the pendency of a direct appeal is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and, therefore, does not toll the AEDPA statute of limitations).  But even if the limitations period is tolled from November 28, 2006, the date petitioner's conviction became final, until February 28, 2007, the date his first state writ was dismissed, a total of 93 days, his federal writ is still untimely.

1253964 at *1-2 (10th Cir. May 27, 2005), *cert. denied*, 126 S.Ct. 748 (2005) (petitioner cannot avoid dismissal on limitations grounds by arguing that his state sentence is void); *Madina v. Cain*, No. 05-2126, 2006 WL 2726506 at *3 (E.D. La. Sept. 20, 2006) (rejecting novel argument that AEDPA limitations period runs only on sentences which were validly imposed). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, (N.D. Tex. Jan. 25, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).

Finally, petitioner asks the court to allow this action to proceed because a "suit to enjoin, as unconstitutional, a state official's action is not barred by the Eleventh Amendment." (Pet. Reply at 8). Eleventh Amendment immunity is not the issue in this case. *See Andrews v. Johnson*, 976 F.Supp. 527, 528 (N.D. Tex. 1997), *app. dism'd*, No. 98-10703 (5th Cir. Oct. 1, 1998) ("[A] habeas case arises as a matter of right, not as a matter of the limited waiver of Sovereign immunity."). Rather, the issue is whether petitioner's federal writ is barred by limitations. Without a basis for an additional tolling of the one-year limitations period, petitioner's untimely writ must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   August 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE