IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MAURIO M. BUTLER**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-0701-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings and Recommendation of the United States Magistrate Judge, filed August 11, 2009. Petitioner filed objections on October 15, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Magistrate Judge Jeff Kaplan found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996, and that equitable tolling did not apply.

Petitioner first objection is that the magistrate judge misconstrued his claim as a claim made under the Eleventh Amendment to the United States Constitution. He argues that he does not raise a claim pursuant to the Eleventh Amendment, but that the holding in *Ex parte Young*, 209 U.S. 123 (1908), requires that the court consider his claim despite the time limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court **overrules** this objection. The magistrate judge did not construe his claim as one made pursuant to the Eleventh Amendment and Petitioner cites no legal authority in support of his argument. The Fifth Circuit has upheld the constitutionality of the AEDPA and its time limitations. *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999).

Next, Petitioner objects to the magistrate judge's rejection of his argument that a "statute of limitation" is inherently inapplicable to a writ of habeas corpus. He argues that his "injury" is not the entry of criminal judgment, but is the current and ongoing confinement in violation of the United States Constitution. The court **overrules** this objection. As noted by the magistrate judge, the statute expressly defines the limitations period, which runs in this case from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Finally, Petitioner argues that section 2244 violates the Suspension Clause of the United States Constitution, that he should be entitled to have the time limit "reset," and that the doctrine of "equitable estoppel" should keep Respondent from asserting the AEDPA statute of limitations as a defense. The court **overrules** these objections and determines that the magistrate judge properly applied the AEDPA's time limitations and found Petitioner's habeas petition barred.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.

**It is so ordered** this 29th day of October, 2009.

                                               Sam A. Lindsay
                                               United States District Judge

**Order – Page 3**